UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN ORTIZ, individually and on behalf of those similarly situated, | |
| Plaintiff, | CIVIL ACTION NO. 3:23-CV-01509 |
| v. | (MEHALCHICK, J.) |
| KEYSTONE PREMIER SETTLEMENT SERVICES, LLC, MICHELLE MACFARLANE, and MICHELLE ELLIS, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are two motions to dismiss Count I of the amended complaint brought by Defendants Keystone Premier Settlement Services, LLC ("Keystone") and Michelle Ellis ("Ellis") (collectively, "Keystone Defendants"), and Michelle MacFarlane ("MacFarlane") (collectively with Keystone Defendants, "Defendants"). (Doc. 57; Doc. 59). On September 12, 2023, Plaintiff Juan Ortiz ("Ortiz") initiated this action by filing a complaint on behalf of himself and those similarly situated. (Doc. 1). On August 12, 2024, Ortiz filed the operative amended complaint, asserting claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. § 201-1, as well as claims for unjust enrichment. (Doc. 54). Because the motions raise substantially similar issues, the Court will address them together. (Doc. 57; Doc. 59). For the following reasons, Defendants' motions to dismiss shall be **DENIED**. (Doc. 57; Doc. 59).

I. **BACKGROUND AND PROCEDURAL HISTORY**

The following background is taken from the amended complaint. (Doc. 54). On or around October 2, 2022, Ortiz closed on a purchase of real estate in Tannersville, PA and

completed a Closing Disclosure Form. (Doc. 54, ¶ 17). A Closing Disclosure is a form created by the Frank-Dodd Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5301, and is "mandated for use in all closed-end consumer credit transactions secured by real property, including purchase money loans, refinances, and loans secured by 25 acres or less." (Doc. 54, ¶ 18). In Ortiz's Closing Disclosure Form, which itemized costs associated with the mortgage, Ortiz was charged a $66 notary fee by MacFarlane, which Ortiz paid. (Doc. 54, ¶ 17). According to Ortiz, this charge was unlawful. (Doc. 54, ¶ 35).

On August 12, 2024, Ortiz filed the instant amended complaint, alleging the following Counts against Keystone, as well as against MacFarlane and Ellis in their individual capacities, for the overcharge of notary services: Count I – Unjust Enrichment; and Count II – Violation of UTPCPL, 73 Pa. Stat. Ann. § 201-1. (Doc. 54, ¶¶ 64-80). Ortiz brought this action on behalf of himself, and all others similarly situated pursuant to Rule 23(a), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure. (Doc. 54, ¶ 43). Ortiz alleges that he justifiably relied on Defendants to abide by Pennsylvania law when providing notarial services. (Doc. 54, ¶¶ 27-33). He further contends that Keystone "used the increased cash flow from the amounts the company overcharged [. . .] to pay the compensation, remuneration, and other benefits to its employees including MacFarlane and Ellis." (Doc. 54, ¶ 39). Thus, Ortiz avers that as a result of the overcharge, Defendants "received monetary and other benefits" and as such, were unjustly enriched. (Doc. 54, ¶¶ 38-42, 64-71).[1] As relief, Ortiz seeks an award of actual damages incurred by himself and class members, including an award to Ortiz for his time and effort in litigating this case with interest, treble damages in the sum

---

[1] The Court previously dismissed Ortiz's unjust enrichment claim against MacFarlane and Ellis because the original complaint failed to allege any benefits conferred on MacFarlane or Ellis. (Doc. 50, at 16-17).

of three times the amount of money overcharged, and reasonable costs and expenses, as well as punitive damages. (Doc. 54, at 13-16).

On September 5, 2025, MacFarlane filed a motion to dismiss Count I of the amended complaint, along with a brief in support. (Doc. 57; Doc. 58). On the same day, Keystone Defendants filed a materially similar motion to dismiss and accompanying brief in support. (Doc. 59; Doc. 60). On September 19, 2024, Ortiz filed two briefs in opposition to the motions to dismiss. (Doc. 62; Doc. 63). MacFarlane and Keystone Defendants each filed a reply brief on October 4, 2024. (Doc. 66; Doc. 67). Accordingly, the motions to dismiss have been fully briefed and are ripe for disposition.

## II.     LEGAL STANDARD FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff

3

must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

**III.    DISCUSSION**

In support of their motions to dismiss the unjust enrichment claims against Ellis and MacFarlane, Defendants submit that the amended complaint is deficient because (1) Ortiz does not allege any benefits conferred on Ellis or MacFarlane and (2) because Ortiz has failed to allege that any enrichment of the individual defendants was "unjust." (Doc. 58, at 10-14; Doc. 60, at 10-14). Ortiz responds that he properly alleged that Ellis and MacFarlane did retain benefits as a result of the overcharge and that as notaries who "owe[] a duty to the public to discharge [their] functions with diligence," Ellis and MacFarlane have in fact participated in an "unjust" collection of excessive fees. (Doc. 62, at 7-8; Doc. 63, at 7-8).

Unjust enrichment is "the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected, and for which the beneficiary must make restitution." *Roethlein v. Portnoff L. Assocs., Ltd.*, 81 A.3d 816, 825 n.8 (Pa. 2013). An unjust enrichment action is based in equity and is one "which sounds in quasi-contract or contract implied in law." *Seplow*, 2024 WL 649260, at *4 (quoting *Roethlein*, 81 A.3d at 825 n.8). Quasi-contracts and contracts implied in law "are not based on the apparent intention of the parties to undertake the performances in question, nor are they promises. They are obligations created by law for reasons of justice." *Seplow*, 2024 WL 649260, at *4 (quoting *Schott v. Westinghouse Elec. Corp.*, 259 A.2d 443, 449 (Pa. 1969)). "'The elements of unjust enrichment are benefits conferred on one party by the other party, appreciation of such benefits, and acceptance and retention of such benefits under such circumstances that it would be inequitable for that party to retain the benefit without payment of value.'" *McConaghy v. Bank of New York*, 192 A.3d 1171, 1175 (Pa. Super. Ct. 2018) (quoting *Gutteridge v. J3 Energy Group, Inc.*, 165 A.3d 908, 917 (Pa. Super. Ct. 2017)).

5

Unjust enrichment claims can be pled either as an alternative to breach of contract or as a companion to an underlying tort claim. *Seplow v. Closing Pro, Inc.*, No. CV 23-3628, 2024 WL 649260, at *4 (E.D. Pa. Feb. 15, 2024); *see also Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 492 (E.D. Pa. 2016). When unjust enrichment is pled as an alternative to breach of contract, recovery is unavailable if a written or express contract exists. *Whitaker*, 198 F. Supp. 3d at 492-3. When unjust enrichment is pled as a companion, not an alternative, to an underlying tort claim and is established through improper conduct, the existence of a written contract does not render recovery unavailable. *See Whitaker*, 198 F. Supp. 3d at 492-3 (stating that unjust enrichment claims fall into two categories and only the first category, quasi-contracts, precludes the doctrine when a written or express contract exists). Further, when unjust enrichment is pled as a tort companion, it can be established through improper conduct involved in an underlying claim, such as fraud. *Seplow*, 2024 WL 649260, at *4; *see also Whitaker*, 198 F. Supp. 3d at 492 (defining unjust enrichment as "a theory based on unlawful or improper conduct established by an underlying claim, such as fraud, in which case the unjust enrichment claim is a companion to the underlying claim."). In such cases, unjust enrichment need not be pled as an alternative to breach of contract. *Whitaker*, 198 F. Supp. 3d at 492-3. Unjust enrichment claims may arise when a party's obligations are created by "reasons of justice," rather than express terms. *Schott*, 259 A.2d at 449. Relevant here, notaries, as public officials who "owe a duty to the public to discharge his or her functions with diligence" may be held liable under equitable theories of liability "for reasons of justice." *Seplow*, 2024 WL 649260, at *4 (citing *Villanueva v. Brown*, 103 F.3d 1128, 1137 (3d Cir. 1997)).

Recovery based on an "indirect" benefit is possible and plaintiffs need not plead direct interactions or communications with each defendant. *Global Ground Support, LLC, v. Glazer Enter., Inc.,* 581 F.Supp.2d 669, 676 (E.D. Pa. 2008) ("[p]laintiffs need not have directly dealt with each defendant in order to allege a claim of unjust enrichment against them."). However, "the benefit to the defendant must be more than remote to support an unjust enrichment claim." *Century Indem. Co. v. URS Corp.*, No. CIV.A. 08-5006, 2009 WL 2446990, at *6 (E.D. Pa. Aug. 7, 2009) (citing *Allegheny Gen. Hosp. v. Philip Morris, Inc.,* 228 F.3d 429, 447 (3d Cir. 2000)). When the benefit conferred on a defendant is "incidental," a plaintiff cannot recover from that defendant. *See, e.g., Allegheny Gen. Hosp.,* 228 F.3d at 447 ("incidental benefit to the Tobacco Companies is not enough to maintain an action; the nonpaying patients got the main benefit, not the Tobacco Companies").

Prior to Ortiz having amended his complaint, this Court found that based upon his original allegations, the main benefit went to Keystone as a company, not to its employees. *See, e.g., Allegheny Gen. Hosp.,* 228 F.3d at 447 (barring unjust enrichment recovery from a party who was not the primary beneficiary and who only benefitted incidentally). Thus, absent allegations of benefits bestowed upon Ellis and MacFarlane as individuals, this Court concluded that the unjust enrichment claims against Ellis and MacFarlane fail. (Doc. 50, at 16-17). In his amended complaint, Ortiz includes new allegations that properly plead that Ellis and MacFarlane retained a benefit as a result of the overcharge. (Doc. 54). For example, according to the amended complaint, Keystone "used the increased cash flow from the amounts the company overcharged [. . .] to pay the compensation, remuneration, and other benefits to its employees including MacFarlane and Ellis." (Doc. 54, ¶ 39). Ortiz alleges Ellis and MacFarlane received unjust enrichment through "monetary and other benefits" that

7

flowed directly from the overcharges. (Doc. 54, ¶¶ 38-42, 64-71). These allegations suffice to meet Ortiz's burden at the pleading stage. *See Jaraczewski v. Equity Nat'l Title & Closing Servs.*, No. CV 23-274, 2024 WL 3861248 (W.D. Pa. Aug. 19, 2024) (denying a motion to dismiss unjust enrichment claims asserted against the president of a notary services company for similar claims of unlawful overcharges and finding that plaintiff properly alleged a benefit conferred and unjust enrichment based upon nearly identical allegations as those outlined here); *see also Seplow*, 2024 WL 649260 (same). Accordingly, Defendants' motions to dismiss Count I as asserted against Ellis and MacFarlane are **DENIED**. (Doc. 57; Doc. 59).

### IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss Count I are **DENIED**. (Doc. 57; Doc. 59).

An appropriate Order follows.

BY THE COURT:

Dated: June 18, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**